IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 20-10074-JWB

CHRISTINA COOK,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion for a sentence reduction (Doc. 36) pursuant to 18 U.S.C. § 3582(c)(2). The motion is ripe for decision.[1] (Docs. 36, 38.) The motion is DENIED for the reasons stated herein.

**I.    Facts**

Defendant Christina Cook was charged with a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1.) Defendant pleaded guilty to the single count. (Docs. 23, 22.)

Under the United States Sentencing Guidelines, she received a base offense level of 15. (Doc. 21 at 6.) Defendant had a criminal history score of 22. (Doc. 27 at 19.) Defendant received two criminal history points for committing the offense whilst serving a criminal justice sentence pursuant to U.S.S.G § 4A1.1(d). (*Id.*) Thus, Defendant's total criminal history category was VI. (*Id.*)

Defendant's offense level of 15 and her criminal history category of VI yielded a sentencing range of 41-51 months. (*Id.* at 29.) However, the plea agreement contained a request

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

for a variance above the guidelines range. (*See* Doc. 23 at 3; Doc. 30 at 3.) The parties requested a sentence of 72 months that would run concurrently with her state cases. (Doc. 23 at 3.) The court then imposed that sentence. (Doc. 29 at 2.)

Defendant brings the current motion to reduce her sentence under 18 U.S.C. § 3582(c)(2), an amendment to the United States Sentencing Guidelines. More specifically, Defendant seeks a reduction in her sentence based upon Part A of Amendment 821. As discussed more fully below, Part A affects the impact of criminal history points. Defendant's motion is predicated upon the revision of U.S.S.G § 4A1.1(d), which increased her criminal history points to 22 and yielded a criminal history category of VI. However, for the reasons stated herein, the court denies Defendant's motion to reduce her sentence.

## II.   Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* <u>821</u>, United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 5, 2024); U.S.S.G. § 4A1.1(e).

First, Defendant's sentence was based upon her Guidelines range. Generally, the Guidelines range is a federal district court's starting point when determining a sentence. *See*

*Hughes v. United States*, 584 U.S. 675, 688 (2018).  Here, the court in its judgment indicated that it was imposing a sentence outside the range but still based upon the Guidelines.  (Doc. 30 at 2.)  Thus, Defendant can still rely upon 18 U.S.C. § 3582(c)(2) to reduce her sentence.  But whether a court exercises its discretion to reduce a sentence pursuant to § 3582(c)(2) depends on the applicability of the amendment, the court's consideration of the factors in 18 U.S.C. § 3553(a), and if the reduction conforms with the Sentencing Commission's policy statements.  *See Hughes* 584 U.S. at 691 (discussing a district court's responsibilities when exercising its discretion to reduce a sentence under § 3582(c)(2)).

Here, Defendant argues that she should receive a sentence reduction because when Defendant was sentenced, Section 4A1.1(d) was still in effect. Section 4A1.1(d) added two points to a criminal history score if an offense was committed whilst under a criminal justice sentence.[2] Defendant was on probation for several state felonies when she committed the offence, and thus, received an additional two criminal history points pursuant to Section 4A1.1(d).  (*See* Doc. 27 at 19.)

However, Section 4A1.1(e) replaced subsection (d), and under the current language of 4A1.1(e), Defendant would have received one point for committing the offense while on probation instead of two.  U.S.S.G. § 1B1.10(b)(2).  Under the current Sentencing Guidelines, Defendant would have 21 criminal history points and a criminal history category of VI—the same criminal history category she had prior to the adoption of Amendment 821, Part A.  Thus, Amendment 821, Part A, while reducing Defendant's total criminal history points by one, does not alter her criminal history category and does not reduce her Guidelines range.

**III.    Conclusion**

---

[2] Criminal justice sentence is defined as

Defendant's motion to reduce her sentence (Doc. 37) is therefore DENIED.

IT IS SO ORDERED. Dated this 15th day of April, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
